STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0213

IN RE: BOARD OF ADJUSTMENTS DECISION BOA CASE NO.
2022-2824 BOA CHANSE MORTENSON


DATE OF JUDGMENT:   NOV 0 9 2023


ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT,
PARISH OF ST. TAMMANY, STATE OF LOUISIANA
NUMBER 2022-12443, DIVISION C

HONORABLE RICHARD A. SWARTZ, JUDGE


* * * * * *


| | |
|---|---|
| Anthony S. Maska<br>Covington, Louisiana | Counsel for Applicant-Appellant<br>Chanse Mortenson |
| Warren L. Montgomery<br>District Attorney<br>Alex L.M. Ducros<br>Assistant District Attorney<br>Mandeville, Louisiana | Counsel for Respondent-Appellee<br>St. Tammany Parish Government |


* * * * * *


BEFORE:  GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Applicant-appellant, Chanse Mortenson, appeals the district court's judgment, upholding the decision of the St. Tammany Parish Board of Adjustment (BOA), which upheld the denial of a short term rental permit (STR permit) by the St. Tammany Parish Planning and Development Department (the Department). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

The salient facts presented to the BOA were set forth by the district court in its written reasons for judgment, which state:

> The evidence established that on February 16, 2022, ... Mortenson applied to [the Department] for a permit to operate a short term rental at his property located [in] ... Covington, Louisiana ... [known as the Castle]. ...
>
> The record also established that ... David Lambert and ... Dolores Falkner reside together in a home located approximately 150 yards from the Castle and share a portion of the driveway with [Mortenson's] property. The evidence presented to the BOA included copies of six formal complaints by [Lambert and/or Faulkner] alleging that [Mortenson] has previously engaged in short term rentals of the Castle which resulted in the creation of a public nuisance. The evidence also included photos sent by [Lambert and Faulkner], as well as copies of social media posts and advertisements regarding the rental of the Castle.

On March 18, 2022, the Department denied a STR permit to Mortenson based in part on the formal complaints by Lambert and Faulkner.[1] Mortenson timely appealed the denial to the BOA. At a public meeting held on May 3, 2022, the BOA denied Mortenson's appeal and upheld the Department's denial of the STR permit. Mortenson subsequently filed a petition for judicial review in district court, averring that the BOA's decision to uphold the Department's denial of his application of a STR permit was arbitrary and capricious.

---

[1] Other stated deficiencies precluding issuance of the STR permit set forth in the Department's denial were subsequently cured by Mortenson.

2

A return from the BOA was filed into the record. On September 13, 2022, the district court held a hearing on the merits of Mortenson's petition. A motion to supplement, filed by Mortenson on September 13, 2022, was taken up before the hearing on the merits. The district court took the matter under advisement and on October 10, 2022, issued a judgment, which granted the motion to supplement but denied Mortenson relief on his petition for judicial review. Mortenson appealed to this court.

## DISCUSSION

The district court may reverse or confirm, wholly or in part, or may modify the decision brought up for review. La. R.S. 33:4780.47(E). On appellate review of the district court's judgment, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to the factual findings or legal conclusions of the court of appeal. Thus, our review is of the BOA's findings and decision, not of the decision of the district court. The jurisprudence indicates that the decisions of the BOA are subject to judicial review only as to whether they are arbitrary, capricious or an abuse of discretion. See *New Cingular Wireless, PCS, LLC v. City-Par. of E. Baton Rouge*, 2021-0292 (La. App. 1st Cir. 12/30/21), 340 So.3d 1037, 1042-43. An action is "arbitrary and capricious" when it is a willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. *New Cingular Wireless, PCS, LLC*, 340 So.3d at 1045.

Mortenson maintains that because the Department issued an approval letter on February 16, 2022, allowing him to apply for an occupational license after having already received several formal complaints from Lambert and Faulkner, the Department was on notice of his neighbors' complaints.[2] He also points out that in

---

[2] It was undisputed that the six formal complaints Lambert and Faulkner had made were between July 17, 2020 and March 20, 2022.

3

conjunction with his operation of the Castle as a short term rental before February 16, 2022, he had not received any misdemeanor citations for having created a nuisance.[3] Thus, Mortenson contends that the denial of his STR permit application was arbitrary and capricious.

St. Tammany Parish Ordinance No. 22-591 sets forth the application requirements and permit approval provisions. Subsection (a) expressly states, "The requirements for the [STR] permit herein provided are requirements separate and apart from and in addition to the requirements for obtaining an occupational license to operate a business." Additionally, Subsection (c) provides in relevant part:

> Where the [STR] permit application is approved, the [Department] will issue to the operator at the address provided in the application a permit approval notice that includes a [STR] permit number, an expiration date for the [STR] permit, and the maximum number of guests allowed in the short term rental, as determined by the fire marshal and the [Department].

Under the applicable St. Tammany STR permitting provisions, the Department's approval letter allowing Mortenson to apply for an occupational license does not carry the same legal efficacy as the Department's approval of a STR permit. Therefore, the BOA's decision to uphold the denial of Mortenson's application for a STR permit was not arbitrary and capricious on this basis.

Mortenson next asserts that the BOA erred in its interpretation of the language set forth in St. Tammany Parish Ordinance No. 22-592, entitled "Permit denial," which formed the basis for the Department's denial of his STR permit application.

St. Tammany Parish Ordinance No. 22-592(a)(5) states:

---

[3] See St. Tammany Parish Ordinance No. 26-1 ("The purpose of these [nuisance] articles is to define and prohibit conduct that constitutes a 'nuisance.' Conduct that is defined as a nuisance is expressly prohibited and shall constitute a misdemeanor punishable according to the penalties and provisions set forth in [S]ection 26-9, which shall apply to all nuisances, unless a separate penalty is otherwise provided.").

4

The [Department] may deny issuance of a [STR] permit if it finds ...

That the applicant has previously conducted the type of short term rental being applied for which results in the creation of a public or private nuisance, based at least in part on several formal complaints by guests or neighbors of the short term rental that are received by the [Department].

Mortenson acknowledges that he has rented out the Castle on a short-term basis prior to applying for the STR permit on February 16, 2022, and that Lambert and Faulkner have levied several formal complaints against him. But he urges that "several formal complaints by ... neighbors" cannot and should not be interpreted to mean that two individuals living in one home next to his premises are "neighbors" as contemplated by the ordinance. Rather, Mortenson suggests the plain language shows neighbors is plural and, therefore, requires complaints by the owners of more than one property. We find the BOA's interpretation of "neighbors" as meaning two individuals who own the single property adjacent to the applicant's premises is reasonable. See La. R.S. 1:7 ("Words used in the singular number include the plural and the plural includes the singular."). The BOA's decision to uphold the Department's denial of a STR permit to Mortenson was with due consideration of the facts and circumstances of the case and, therefore, was not arbitrary and capricious on this basis.[4]

---

[4] We find disingenuous and without merit Mortenson's assertion that the Department failed to distinguish which of the formal complaints by Lambert and Faulkner were as a result of his short term rental of his premises rather than as a result of his personal use. In addition to the written formal complaints, which included social media posts and advertisements of the Castle, Faulkner's statements before the BOA provide a basis for finding that at least some of the formal complaints were based on short term rental occupants. See St. Tammany Parish Ordinance No. 26-1 ("[C]onduct that is a 'nuisance' is hereby defined as any unlawful act or omission, or suffering or permitting any condition or thing to be or exist, which act, omission, condition or thing ... (4) [e]ssentially interferes with the right of privacy within [one's] home or unreasonably interferes with the use of [one's] residential property, including sounds and noises ...; or (5) [a]ctually causes, or imminently threatens to cause, material and substantial disruption within the community or is an invasion of the rights of others."). Further, Mortenson admitted that when asked by an individual about having a party at the Castle, he inquired whether he was invited and worked arrangements to ensure the premises were cleaned up. Mortenson also stated that once he advised the individual, "we could sure use some donations for our fundraiser," the individual made a donation.

5

In this appeal, Mortenson also complains that the district court erred in failing to allow him to present additional evidence at the hearing. The gist of his complaint is that if the district court had permitted additional evidence, it would have learned of the existence of thirteen witness statements favorable to his application for a STR permit and a meeting he had with the Department's representative.

According to La. R.S. 33:4780.47(D), "If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, the court may take additional evidence." The use of the word "may" establishes that the district court's determination whether to take additional evidence is discretionary. See La. R.S. 1:3 ("[T]he word 'may' is permissive."). See also e.g., *Jenkins v. Jenkins*, 2023-0087 (La. App. 1st Cir. 6/2/23), 370 So.3d 61, 74-75 (the use of the word "may" in a statute establishes that the decision to be made by the court is discretionary, not mandatory). For an abuse of discretion to occur under La. R.S. 33:4780.47(D), the excluded evidence must have been necessary for the district court's proper disposition. Because we have concluded that the record sufficiently supports the district court's affirmance of the BOA's decision, additional evidence was not necessary for a proper disposition. Therefore, there was no abuse of discretion.

Additionally, while Mortenson represents that an in-chambers status conference resulted in the district court limiting its review to one that was appellate in nature, the district court admitted the thirteen witness statements into the record pursuant to Mortenson's motion to supplement. These documents were a part of the record before the district court and are included in the record before us. Importantly, at no time during the hearing did Mortenson attempt to introduce or

6

proffer the testimonial evidence that he complains was excluded by the district court.

When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence. La. C.C.P. art. 1636(A). However, the evidence excluded by the district court must be available for appellate review. Without a proffer, appellate courts have no way to ascertain the nature of the excluded testimony. Error may not be predicated upon a ruling that excludes evidence unless a substantial right of a party is affected and the substance of the evidence was made known to the court by counsel. See La. C.E. art. 103A(2); *Salvador Valencia, LLC v. Robertson Dev., L.L.C.*, 2022-0489 (La. App. 1st Cir. 12/22/22), 360 So.3d 555, 561. In those instances, it is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend that the exclusion of such evidence was erroneous. *Lonesome Dev., LLC v. Town of Abita Springs*, 2021-1463 (La. App. 1st Cir. 6/29/22), 343 So.3d 831, 844, writ denied, 2022-01158 (La. 11/1/22), 349 So.3d 3. Mortenson's failure to proffer the testimonial evidence he contends was necessary to a proper disposition of his petition for judicial review provides an alternate basis to reject his contention. Thus, Mortenson has failed to establish the district court erred in upholding the BOA's determination.

Mortenson also claims he was denied due process since it is undisputed that the entire record before the Department was not transmitted to the BOA in conjunction with his appeal. According to La. R.S. 33:4780.46(B)(2)(a), providing for appeals from department administrative officers' decisions to the BOA pursuant to the zoning regulations for parishes, "The officer from whom the appeal

7

is taken shall forthwith transmit to the [BOA] all the papers constituting the record upon which the action appealed from was taken."[5] Pointing to the thirteen witness statements submitted to the Department, which undisputedly were not part of the record provided to the BOA, Mortenson suggests that without the missing witness statements and "what other documentation might have come to the [Department]," the BOA's decision to uphold the Department's denial of the STR permit was not only a due process violation but resulted in an improper disposition.

Applying the statutory language to the matter before us establishes that "all the papers constituting the record," i.e., those papers supporting the Department's denial of a STR permit to Mortenson, were the extent of what the Department was required to transmit. We have already concluded that the documentation submitted to the BOA amply supports the Department's decision to deny Mortenson the STR permit. Thus, the Department has complied with its duty. It is also noteworthy that nothing in St. Tammany Parish Ordinance No. 22-592(a)(5) requires the consent of the thirteen neighbors who expressed no concerns if Mortenson received a STR permit. As such, the thirteen witness statements were of limited evidentiary value.

Mindful that an error may not be predicated upon a ruling that excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the tribunal by counsel, see La. C.E. art. 103(A)(2), we note that at the public hearing, through counsel, Mortenson advised the BOA of the existence of the thirteen witness statements, explaining that thirteen contiguous landowners had signed statements in favor of or indicating no opposition to the issuance of a STR permit to Mortenson. Later, Mortenson spoke directly to the BOA, pointing out that he had the signed consent of thirteen neighbors. Therefore, well before its vote, the BOA was aware that the owners of thirteen of Mortenson's

---

[5] See also St. Tammany Parish Code of Ordinances § 130-32(a)(8) ("The department from whom the appeal is taken shall forthwith transmit to the [BOA] all the papers constituting the record upon which the action appealed from was taken.").

8

fourteen neighboring properties were not opposed to the issuance of the STR permit.

At the conclusion of the hearing, immediately before the BOA voted, a BOA commissioner moved to deny relief to Mortenson, based on finding that when Mortenson conducted short term rental activities prior to the February 16, 2022 filing of the application for a STR permit, Lambert and Faulkner were insufficiently protected from the effects of the short term rental and personal activities conducted by Mortenson on his property. Thereafter, the BOA unanimously voted to carry the motion and upheld the denial of the STR permit. Thus, despite its awareness of the position of Mortenson's other thirteen neighbors, the BOA ruled solely on the basis of Mortenson's neighbors immediately adjacent to his premises, a determination we have already concluded is not arbitrary and capricious despite having been based on the complaints of individuals owning one neighboring property. Accordingly, Mortenson is unable to demonstrate a substantial right was affected by the alleged deficiency in the record, and he has failed to establish a denial of due process.[6]

**DECREE**

For these reasons, the district court judgment is affirmed. Appeal costs are assessed against applicant-appellant, Chanse Mortenson.

**AFFIRMED.**

---

[6] *Suggestion was made before the BOA and the district court that Mortenson was disqualified from receiving a STR permit because he has been convicted of a crime within the last ten years. See St. Tammany Parish Ordinance No. 22-592(a)(8) ("The [Department] may deny issuance of a [STR] permit if it finds ... [t]hat the applicant has been convicted of any crime involving drugs, vice, or felony in a court of competent jurisdiction within the last ten years."). Although this court has recently upheld Mortenson's conviction, see State v. Mortenson, 2022-1047 (La. App. 1st Cir. 4/26/23), 2023 WL 3085363, because his criminal conviction was not the stated basis for the Department's denial of the STR permit, and we have found the BOA was not arbitrary and capricious in upholding of the denial of the permit, we conclude it unnecessary to discuss this basis and pretermit such a discussion.*

9